UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARBARA COLQUITT, | ) | No. EDCV 09-2099-RC |
| | ) | |
| Plaintiff, | ) | |
| | ) | OPINION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Barbara Colquitt filed a complaint on November 19, 2009, seeking review of the Commissioner's decision denying her applications for disability benefits. On April 16, 2010, the Commissioner answered the complaint, and the parties filed a joint stipulation on May 25, 2010.

**BACKGROUND**

On February 6, 2007, plaintiff, who was born on December 17, 1948, applied for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. § 423, and the Supplemental Security Income program ("SSI") of Title XVI of the Act, claiming an inability to work since August 12, 2006,[1] due to cardiovascular disease,

---

[1] The plaintiff claims in her SSI application that her disability began on August 12, 2006, A.R. 163; however, she

diabetes and depression. A.R. 47-54, 60, 163-66. The plaintiff's applications were initially denied on August 23, 2007, and were denied again on January 24, 2008, following reconsideration. A.R. 31-35, 38-43. The plaintiff then requested an administrative hearing, which was held before Administrative Law Judge Michael D. Radensky ("the ALJ") on April 29, 2009. A.R. 44, 167-92. On July 20, 2009, the ALJ issued a decision finding plaintiff is not disabled. A.R. 7-15. The plaintiff appealed this decision to the Appeals Council, which denied review on September 25, 2009. A.R. 4-6, 26.

**DISCUSSION**

**I**

The Court, pursuant to 42 U.S.C. § 405(g), has the authority to review the decision denying plaintiff disability benefits to determine if his findings are supported by substantial evidence and whether the Commissioner used the proper legal standards in reaching his decision. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009); Vernoff v. Astrue, 568 F.3d 1102, 1105 (9th Cir. 2009).

The claimant is "disabled" for the purpose of receiving benefits under the Act if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

---

claims in her Title II application that she became unable to work on September 1, 2006. A.R. 47. In 2006, plaintiff was granted a closed period of disability benefits for her heart problems and diabetes. A.R. 14, 176-77.

2

"The claimant bears the burden of establishing a prima facie case of disability." Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996); Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The Commissioner has promulgated regulations establishing a five-step sequential evaluation process for the ALJ to follow in a disability case. 20 C.F.R. §§ 404.1520, 416.920. In the **First Step**, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If not, in the **Second Step**, the ALJ must determine whether the claimant has a severe impairment or combination of impairments significantly limiting her from performing basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If so, in the **Third Step**, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments ("Listing"), 20 C.F.R. § 404, Subpart P, App. 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If not, in the **Fourth Step**, the ALJ must determine whether the claimant has sufficient residual functional capacity despite the impairment or various limitations to perform her past work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If not, in **Step Five**, the burden shifts to the Commissioner to show the claimant can perform other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

Applying the five-step sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since her alleged onset date, and regarding plaintiff's Title II claim, the

ALJ found plaintiff meets the insured status requirements through March 31, 2011. A.R. 12. (Step One). The ALJ then found plaintiff has the following severe impairments: "coronary artery disease, diabetes mellitus, hypertension, GED [gastroesophageal reflux disease], and mild obesity" (Step Two); however, she does not have an impairment or combination of impairments that meets or equals a listed impairment. (Step Three). Finally, the ALJ determined plaintiff can perform her past relevant work as a telemarketer and group home manager; therefore, she is not disabled. (Step Four).

**II**

A claimant's residual functional capacity ("RFC") is what she can still do despite her physical, mental, nonexertional, and other limitations. Mayes v. Massanari, 276 F.3d 453, 460 (9th Cir. 2001); see also Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009) (RFC is "a summary of what the claimant is capable of doing (for example, how much weight he can lift)."). Here, the ALJ found plaintiff has the RFC to perform the full range of light work.[2] A.R. 13. However, plaintiff contends the ALJ's decision is not supported

---

[2] Under Social Security regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b). "[T]he full range of light work requires standing or walking for up to two-thirds of the workday." Gallant v. Heckler, 753 F.2d 1450, 1454 n.1 (9th Cir. 1984); SSR 83-10, 1983 WL 31251, *6.

4

by substantial evidence because he erroneously determined she was not an entirely credible witness and failed to properly consider the opinions of her treating physician.

The plaintiff testified at the administrative hearing that she is unable to work due to cardiovascular disease, uncontrolled diabetes, and because she is weak and cannot deal with a lot of frustration. A.R. 173, 178, 186-87. She also stated she has heart palpitations and chest pains, gets anxious, and has to rest if she does too much. A.R. 175-76. Further, plaintiff reported her right leg goes numb and gives out on her sometimes due to her diabetes. A.R. 178. The plaintiff testified she can sit for at least 30 minutes before she has to get up and walk for 5 minutes due to her leg problems, and can stand for approximately 5 minutes before getting dizzy and having to sit down for approximately 30 minutes. A.R. 179-80. The plaintiff stated she cannot work an 8-hour day, but only three-and-a-half or four hours before she needs to lie down for about three hours. A.R. 180-81. She can walk approximately half a block before needing to rest for 5-15 minutes, and she cannot climb stairs. A.R. 79, 185.

Once a claimant has presented objective evidence that she suffers from an impairment that could cause pain or other nonexertional limitations,[3] the ALJ may not discredit the claimant's testimony "solely because the degree of pain alleged by the claimant is not

---

[3] "While most cases discuss excess pain testimony rather than excess symptom testimony, rules developed to assure proper consideration of excess pain apply equally to other medically related symptoms." Swenson v. Sullivan, 876 F.2d 683, 687-88 (9th Cir. 1989).

supported by objective medical evidence." Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) (en banc); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). Thus, if the ALJ finds the claimant's subjective complaints are not credible, he "'must provide specific, cogent reasons for the disbelief.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citations omitted); Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007). "Factors that an ALJ may consider in weighing a claimant's credibility include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, and 'unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment.'" Orn, 495 F.3d at 636 (citations omitted); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). Furthermore, if there is medical evidence establishing an objective basis for some degree of pain and related symptoms, and no evidence affirmatively suggesting that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Vasquez, 572 F.3d at 591.

Here, the ALJ found plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent" with her RFC because she "cooks, drives, attends church regularly, reads the bible daily, and goes for walks with her grandchildren." A.R. 14. However, because "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication[,]" Fair v. Bowen,

6

1  885 F.2d 597, 603 (9th Cir. 1989), in order to make an adverse
2  credibility determination based on a claimant's daily activities, the
3  ALJ must make a specific finding that the claimant "'is able to spend
4  a *substantial part* of [her] day engaged in pursuits involving the
5  performance of physical functions that are transferable to a work
6  setting. . . .'"  Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir.
7  2001) (quoting Morgan, 169 F.3d at 600; emphasis in original); see
8  also Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990) (If
9  daily activity evidence is used to rebut claims of nonexertional
10 limitations, the ALJ must find "the ability to perform those daily
11 activities translate[s] into the ability to perform appropriate
12 work.").  Here, the ALJ did not specifically find that plaintiff
13 spends a substantial part of her day engaged in activities that are
14 transferrable to work, and plaintiff's testimony about her daily
15 activities shows such activities are quite limited.  For instance,
16 plaintiff's cooking involves making "oatmeal, wheat toast, orange
17 juice, bake[d] chicken, sandwiches, fried fish, [and boiled] mixed
18 vegetable[s][,]" A.R. 75, 184, and, although she can drive, she does
19 not drive and her daughters take her where she needs to go.  A.R. 184.
20 Additionally, plaintiff testified that her daughters help her do the
21 laundry and go grocery shopping, and she sometimes goes "for a walk
22 with [her] grandkids to the pool and stuff like that."  A.R. 77, 185-
23 86.  Plaintiff reads her Bible daily for about an hour a day, but
24 cannot read more because she gets frustrated and anxious and loses
25 focus, and she attends church almost every Sunday, but she is unable
26 to attend Bible study or take her grandchildren to the movies.  Ibid.
27 These limited daily activities do not support a negative credibility
28 determination.  See Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir.

7

2004) (ALJ erred in relying on claimant's daily activities to discredit her pain testimony when such activities were "quite limited and carried out with difficulty"); Vertigan, 260 F.3d at 1049-50 (claimant's ability to go grocery shopping with assistance, walk an hour in the malls, get together with friends, play cards, swim, watch television, read, take physical therapy, and exercise at home did not constitute a clear and convincing reason for rejecting her pain testimony); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("[E]vidence that [plaintiff] could assist with some household chores was not determinative of disability. 'Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.'" (citation omitted)).

The ALJ also rejected plaintiff's testimony as contrary to the medical record. A.R. 14. However, "[i]t is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings." Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007).

For these reasons, the ALJ's discounting of plaintiff's credibility was improper, and "his findings were unsupported by substantial evidence based on the record as a whole." Reddick v. Chater, 157 F.3d 715, 724 (9th Cir. 1998). "Because the ALJ did not provide clear and convincing reasons for excluding claimant's pain and symptoms from his assessment of claimant's RFC, substantial evidence does not support the assessment." Lingenfelter, 504 F.3d at 1040. Nor does substantial evidence support the ALJ's Step Four

8

determination that plaintiff can perform her past relevant work, which was based on his erroneous RFC assessment. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056-57 (9th Cir. 2006); Moisa, 367 F.3d at 886.

### III

When the Commissioner's decision is not supported by substantial evidence, the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke, 379 F.3d at 593. Since there are "insufficient findings as to whether [plaintiff's] testimony should be credited as true," remand is the appropriate remedy. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003); Bunnell v. Barnhart, 336 F.3d 1112, 1116 (9th Cir. 2003).

### ORDER

IT IS ORDERED that: (1) plaintiff's request for relief is granted and defendant's request for relief is denied; and (2) the Commissioner's decision is reversed, and the action is remanded to the Social Security Administration for further proceedings consistent with this Opinion and Order, pursuant to sentence four of 42 U.S.C. § 405(g), and Judgment shall be entered accordingly.

DATE:  November 15, 2010         /S/ ROSALYN M. CHAPMAN
                                 ROSALYN M. CHAPMAN
                                 UNITED STATES MAGISTRATE JUDGE

R&R-MDO\09-2099.mdo
11/15/10